IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DERRICK SHURON, | * | |
| Petitioner, | * | Civil No. RDB-13-0299 |
| v. | * | Criminal No. RDB-11-0045 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

On November 15, 2011, Petitioner Derrick Shuron ("Petitioner" or "Shuron") pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1) and was sentenced by this Court to a term of imprisonment of 100 months.  Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 58) pursuant to 28 U.S.C. § 2255 on January 28, 2013 and a Motion for Leave to File an Amended Motion[1] (ECF No. 72) on April 2, 2014. Petitioner also moved for Summary Judgment (ECF No. 67) in his favor on July 22, 2013.   On May 16, 2014, the Government filed a Response in Opposition to Petitioner's Motion to Vacate (ECF No. 75).  This Court recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The parties' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2010).  For the reasons that follow, Petitioner's Motion For Leave to File an Amended Motion (ECF No. 72) is

---

[1] This motion contains an additional substantive argument not directly related to those made in Petitioner's initial Motion to Vacate.

GRANTED, but his Motion for Summary Judgment (ECF No. 67) and Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 58) pursuant to 28 U.S.C. § 2255 are both DENIED.

## BACKGROUND

In August of 2010, members of the Drug Enforcement Administration's High Intensity Drug Trafficking Area Group 57 began investigating Petitioner based on information that he was selling large quantities of marijuana from a barbershop where he was employed.  *See* Plea Agreement 9, ECF  No. 25.  Following a controlled purchase of a large quantity of marijuana made inside the babershop, agents obtained search and seizure warrants for Petitioner, his residence, his vehicle, and the barbershop.  *Id.*  On September 22, 2010, agents executed the warrants and seized two firearms: a Stoeger Cougar .40 caliber handgun was discovered at the barbershop inside Petitioner's locker and a Smith and Wesson .38 caliber revolver handgun was discovered at Petitioner's residence next to a dresser on which there was a box containing marijuana.  *See* Statement of Probable Cause 4-5, ECF No. 75-2.

On January 26, 2011, Petitioner was charged in a three-count indictment with one count of possession with intent to distribute a controlled substance in violation of  21 U.S.C. § 841(a)(1) (Count I); one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §924(c)(1)(A) (Count II); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count III).  On November 13, 2011, Petitioner appeared before this Court and pled guilty to Count III of the Indictment.  On February 13, 2012, Petitioner was sentenced by this Court to a term of imprisonment of 100 months.

## STANDARD OF REVIEW

To state a claim for relief under 28 U.S.C. § 2255 based on a Sixth Amendment claim of ineffective assistance of counsel a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984).  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Under the first prong of the *Strickland* test, a defendant must show that counsel's performance was so deficient as to fall below an "objective standard of reasonableness" based on "prevailing professional norms."  *Strickland*, 466 U.S. at 687-88.  Counsel's performance must be analyzed "from counsel's perspective at the time," in order to "eliminate the distorting effects of hindsight."  *Id.* at 689.  In assessing counsel's performance, judicial scrutiny "must be highly deferential" with "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.*

In applying the *Strickland* test, the United States Court of Appeals for the Fourth Circuit has noted that there is no reason to address both prongs if the defendant makes "'an insufficient showing on one.'"  *Moore v. Hardee*, 723 F.3d 488, 500 (4th Cir. 2013) (quoting *Strickland*, 466 U.S. at 697).  Thus, ineffective assistance of counsel claims may be disposed of based solely on a deficiency in satisfying either the "performance" prong or the "prejudice" prong.  *See Strickland*, 466 U.S. at 697.  The Fourth Circuit has also noted that the mere possibility of a different trial result does not satisfy the burden of proving prejudice placed on the defendant.  *See Hoots v. Allsbrook*, 785 F.2d 1214, 1221 (4th Cir. 1986).  Additionally, "[i]neffective assistance claims are generally not cognizable on direct appeal . . . 'unless [an attorney's ineffectiveness] conclusively appears from the record.'"  *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008) (quoting *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999)). Furthermore, when a defendant alleges ineffective assistance after a guilty plea has been entered, the burden of proving the second prong of prejudice becomes even greater.  In *Hooper v. Garraghty*, the

Fourth Circuit explained: "Such a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hooper*, 845 F.2d 471, 75 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

The United States Court of Appeals for the Fourth Circuit has previously noted that "[t]he defendant bears the burden of proving the first prong under the *Strickland* test," and unless this burden is met, "a reviewing court does not need to consider the second prong." *Fields v. Attorney General*, 956 F.2d 1290, 1297 (4th Cir. 1992). The Fourth Circuit has also noted that the mere possibility of a different trial result does not satisfy the burden placed on the defendant. *See Hoots v. Allsbrook*, 785 F.2d 1214, 1220 (4th Cir. 1986). Thus, ineffective assistance of counsel claims may be disposed of solely based on a deficiency in showing prejudice. *See Strickland*, 466 U.S. at 697. Additionally, "[i]neffective assistance claims are generally not cognizable on direct appeal . . . 'unless [an attorney's ineffectiveness] conclusively appears from the record.'" *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008) (quoting *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999)).

## ANALYSIS

### I.     Motion to Amend Pleadings Pursuant to Rule 15(a)

Petitioner requests leave to amend his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The Government has not opposed Petitioner's Motion to Amend. Because Petitioner's pleading was one to which a response was required, Federal Rule of Civil Procedure 15(a) enables him to amend his pleading within 21 days of the government's response to his original § 2255 Motion. Fed. R. Civ. P. 15(a)(1)(B). Since Petitioner filed his Motion to Amend prior to the Government's Response, his Motion to Amend is timely. It should also be noted that the Federal Rules of Civil Procedure favor "freely [giving] leave to amend." Fed. R.

Civ. P. 15(a)(2). Accordingly, Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is GRANTED and is considered below.

### II. Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, Challenging a Guilty Plea Based on Ineffective Assistance of Counsel

Petitioner lodges four arguments as to why his sentence should be corrected. The first three posit that his counsel was ineffective in (1) not moving the court to suppress evidence discovered during an alleged warrantless search, (2) not moving the court to suppress evidence due to alleged false averments in search warrants, and (3) not challenging as illegal a four level enhancement of Petitioner's offense level calculation. The fourth argument posits that the sentencing enhancement pursuant to § 2K2.1(b)(6) is unconstitutional since it enhances Petitioner's sentence based on criminal conduct of which he is actually innocent.

It should be mentioned at the outset that many of Petitioner's claims directly contradict statements he made under oath during his Rule 11 colliquy. The United States Court of Appeals for the Fourth Circuit has held that in the absence of "extraordinary circumstances," the truth of statements made in a Rule 11 colloquy is "conclusively established" and that a district court should "dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005); *see also United States v. Morrow*, 914 F.2d 608 (4th Cir. 1990) ("[S]uch declarations made in open court carry a strong presumption of veracity."). Petitioner replied in the affirmative when asked both "are you fully satisfied with [counsel's] representation and the advice he's given you?" and "[i]s there anything you've asked him to do which he's not done?" Hearing on Change of Plea 8, ECF No. 54. These statements directly contradict Petitioner's claim that his counsel denied his requests to move the court to suppress evidence and challenge the sentencing enhancement. *See* Motion to Vacate 10, 16, ECF No. 58. Petitioner has set forth no extraordinary circumstances which call

the truth of his statements at the Rule 11 colloquy into question.  *Compare United States v. White*, 366 F.3d 291, 300 (4th Cir. 2004) (acknowledging unique and extraordinary circumstances where the Government conceded that the guilty plea was involuntary), *with Lasiter v. Thomas*, 89 F.3d 699, 703 (10th Cir. 1996) (holding that extraordinary circumstances requiring a § 2255 hearing did not exist where Petitioner's efforts to refute statements he had made in open court were "unsubstantiated").

Petitioner first claims his counsel provided him with ineffective assistance since counsel failed to challenge the admission of evidence that Petitioner claims was obtained in violation of his Fourth Amendment rights.  *See* Motion to Vacate 5, ECF No. 58.  Petitioner's potential fourth Amendment violation is based on the bald assertion that on September 22, 2010, agents "executed a warrantless search and seizure of Petitioner, his vehicle, place of employment, and . . . residence."  Motion to Vacate 7, ECF No. 58.  In fact, on September 20, 2010 the Honorable Timothy Doory of the Circuit Court for Baltimore City signed three separate search warrants authorizing searches of Petitioner's vehicle, the barbershop where he worked and conducted the aforementioned controlled sale, his home, and Petitioner's person.  *See* Search and Seizure Warrants 9-11, ECF No. 75-1.  Petitioner presents no evidence indicating that the searches were warrantless and admits to the existence of the warrants when he later argues that there were false averments in them.  *See* Motion to Vacate 11, ECF No. 58.  Given the existence of the warrant, the conduct of Petitioner's counsel did not fall below the reasonable standard outlined in *Strickland* and so Petitioner fails on the first prong of the test.

Petitioner next argues that his counsel was ineffective because he failed to challenge false averments in the search warrant affidavit and failed to move the court to hold a *Franks* hearing. *See* Motion to Vacate 11, ECF No. 58.  In order to merit an evidentiary hearing pursuant to

*Franks v. Delaware*, Petitioner would have to allege a "deliberate falsehood or reckless disregard for the truth" and provide "an offer of proof" with "reliable statements of witnesses." *Franks v. Delaware* 438 U.S. 154, 171 (1978). Petitioner's burden of proving this "deliberate falsehood" in the search warrant affidavit is weighed against a "presumption of validity with respect to the affidavit supporting the search warrant." *Franks* 438 U.S. at 171.

Petitioner asserts the "averment in the affidavit . . . was materially false . . . and misleading." Motion to Vacate 12, ECF No. 58. The affidavit states as probable cause the fact that a confidential informant purchased from Petitioner a large amount of marijuana. *See* Application for Search and Seizure Warrant 5-11, ECF No. 75-1. Petitioner provides no evidence disputing the purchase by the confidential informant and in fact admitted that it took place during his Rule 11 colloquy. *See* Hearing on Change of Plea 8, ECF No. 54. As outlined above, statements made in a Rule 11 colloquy are "conclusively established" and a district court should "dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Lemaster*, 403 F.3d at 221-22. Given the lack of evidence contradicting the affidavit and Petitioner's own admission of its truth in his Rule 11 colloquy, Petitioner fails to demonstrate that his counsel's non-action in this regard to this argument was so deficient as to fall below an "objective standard of reasonableness" based on "prevailing professional norms," as is required by *Strickland*. 466 U.S. at 687-88.

Petitioner's third argument is that his counsel was ineffective because he failed to challenge the four level sentencing enhancement pursuant to U.S.S.G. § 2K2.1(b)(6). *See* Motion to Vacate 16, ECF No. 58. Petitioner made a *pro se* objection to the enhancement at his sentencing hearing and was overruled by this Court. *See* Sentencing Hearing 20-22, ECF No. 55. The relevant portion of the Federal Sentencing Guidelines states that the offense level should

be increased by four levels when a defendant "used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(A). The commentary on § 2K2.1(b)(6) indicated that the section applies when "a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." U.S.S.G. § 2K2.1(b)(6)(B), Commentary note 14(B). In his Motion to Vacate, Petitioner argues that "the Court never identified what other felony the enhancement related to." Motion to Vacate 18, ECF No. 58. Both of Petitioner's firearms that were discovered by police were located in close proximity to marijuana: the .38 caliber handgun was found in Petitioner's residence next to a dresser upon which was a box containing marijuana; and the .40 caliber handgun was discovered in a locker belonging to Petitioner on the premises of the barbershop which he admitted in his Rule 11 colloquy was the site of a controlled purchase of marijuana.[2] *See* Statement of Probable Cause 4-5, ECF No. 75-2; Plea Agreement 9, ECF No. 37.

Furthermore, Petitioner agreed to the increase by signing the plea agreement and by affirming its veracity in his Rule 11 colloquy. *See* Plea Agreement 4, ECF No. 37 ('This office and the defendant understand, agree, and stipulate to the statement of facts . . . and to the . . . applicable sentencing guideline factors."); Hearing on Change of Plea 8, ECF No. 54. There is no "extraordinary reason" to question the truth of Petitioner's statements while under oath at the colloquy. Therefore, his counsel's decision to not move this Court to reject the enhancement is not unreasonable under the *Strickland* standard.

---

[2] At sentencing, Petitioner claimed the .40 caliber handgun belonged to another employee. This Court refused to alter the facts of the plea agreement since Petitioner agreed to them in his Rule 11 colloquy and further stated that it was of no practical consequence since Petitioner did not object to the plea agreement's stipulation that he knowingly possessed the firearm discovered in his home, which by itself would result in the same sentence. *See* Sentencing Hearing 22-24, ECF No. 55. The same logic holds here regarding any objection that may be raised as to the proximity of the handgun found in Petitioner's work locker to any drugs: even if the fact that Petitioner conducted a sale of marijuana on the premises does not fulfill the proximity requirement as outlined in the commentary to § 2K2.1(b)(6)(B), the fact that marijuana was discovered in the same room as the .38 caliber handgun is on its own sufficient for the application of the enhancement.

Petitioner's final argument is that the sentencing enhancement is unconstitutional since "they mandate sentence . . . based on conduct with respect to criminal acts where petitioner was never charged, tried or convicted." Motion for Leave to File an Amended Motion 4, ECF No. 72. Petitioner is incorrect in refering to the guidelines as mandatory; in *United States v. Booker*, the Supreme Court rendered them advisory. *See United States v. Booker*, 543 U.S. 220, 245 (2005). Moreover, Petitioner was in fact charged with one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). *See* Indictment 1, ECF No. 1. In any event, Petitioner agreed to the enhancement in his plea agreement; his 100 month sentence was not forced upon him. *See* Plea Agreement 4, ECF No. 37.

### III. Motion for Summary Judgment

Petitioner's Motion for Summary Judgment appears to be missing one or more pages and does not lay out a cogent argument for the entry of summary judgment by this Court.[3] It is possible this motion was filed because the Government failed to meet a second extended deadline on June 14, 2013. The Government did not file a reply until almost a year later, on May 16, 2014. *See* Response in Opposition, ECF No. 75. This gross lateness, however, is not a reason to enter a default judgment or grant summary judgment to Petitioner. As was explained in detail in the foregoing sections, Petitioner has not met the high burden of proving that there is "no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). Therefore, the Motion for Summary Judgment is DENIED.

### **CONCLUSION**

For the foregoing reasons, Petitioner's Motion to Amend (ECF No. 72) is GRANTED and Petitioner's Motion to Vacate (ECF No. 58) and Motion for Summary Judgment (ECF No. 67) are DENIED.

---

[3] Only page 1 was included in the filing.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000).  A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable.  *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001).  Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

Separate Orders follow.

Dated: June 4, 2014

/s/

Richard D. Bennett
United States District Judge